Henry **GOLDMAN** and Diane Goldman, Plaintiffs,

v.

**MCL COMPANIES OF CHICAGO, INC.,** Defendant.

**No. 00 Civ. 6684 (GEL).**

United States District Court, S.D. New York.

Dec. 26, 2000.

David M. Fish, New York, NY, for Plaintiffs Henry Goldman and Diane Goldman.

Christine Greener Uhlig, Schiff Hardin & Waite, Chicago, Ill. (Ira G. Greenberg, Kristen M. Nowadly, Edwards & Angell, LLP, New York, NY, Henry W. Sledz, Schiff Hardin & Waite, Chicago, Ill.,) for Defendant MCL Companies of Chicago, of counsel.

## OPINION AND ORDER

LYNCH, District Judge.

Henry Goldman brings this diversity action against MCL Companies of Chicago, Inc. ("MCL"), pursuant to New York Labor Law § 740, to redress alleged retalia- tion against him for his disclosure and threatened disclosure of MCL's alleged public health and safety violations. His wife, Diane Goldman, also sues MCL, for loss of consortium. MCL moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Diane Goldman's loss of consortium claim. Whether a claim for loss of consortium may be maintained pursuant to the New York "whistleblower" statute is apparently a question of first impression. For the reasons stated below, I conclude that it may not, and grant the motion.

## I. Background

Henry Goldman ("Goldman") was employed by MCL to oversee development of a property at 455 Central Park West in New York City. (Am.Compl.¶ 16.) Goldman alleges that in the course of his employment, he inspected the site and found evidence of West Nile virus, unidentified biohazards, and lead paint. (*Id.* ¶ 32.) On July 26, 2000, he sent MCL's representatives a memorandum regarding these and other public safety and health hazards (*id.* ¶ 39; Ex. 1), and was informed the next day that the matter was none of his concern and would be handled by MCL's attorneys (*id.* ¶ 42). Goldman responded that if nothing was done to correct the condition or notify official agencies of the hazard by July 7, 2000, he would be obligated to personally notify appropriate authorities of the New York City Health Department. (*Id.* ¶ 44.) Goldman's employment was terminated on August 7, 2000. (*Id.* ¶ 54.)

Diane Goldman alleges that on account of her husband's firing, she has been deprived his consortium, including but not limited to his financial and emotional support, companionship and affection. (*Id.* ¶¶ 66, 67.)

## II. Discussion

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted if "it appears be-

yond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering a motion to dismiss, the Court must take "as true the facts alleged in the complaint and draw[ ] all reasonable inferences in the plaintiff's favor." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994). In other words, the Court can dismiss claims only if, assuming all facts as true, the claimant still has failed to plead the basic elements of his causes of action. The issue presented here is a pure question of law, appropriately raised by a motion to dismiss.

 The common law concept of consortium includes not only loss of support or services of a husband or wife; "it also embraces such elements as love, companionship, affection, society, sexual relations, solace and more." *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108, 1124 (W.D.N.Y.1996) (applying New York law) (internal quotation marks omitted). It is well established, however, that "[a] loss of consortium claim is not an independent cause of action, but is derivative in nature," and may only be maintained where permitted pursuant to the primary tort. *See O'Gorman v. Holland*, No. 97 Civ. 0842(WHP), 2000 WL 134514, at *3 (S.D.N.Y.2000). Loss of consortium claims traditionally may be maintained pursuant to such common law torts as negligence, *see, e.g., Goldstein v. United States*, 9 F.Supp.2d 175, 193–94 (E.D.N.Y.1998), or defamation, *see, e.g., Murphy*, 946 F.Supp. at 1125.

 Where (as here) a loss of consortium claim is purportedly derived from a statutory claim, courts must examine the statute at issue to determine whether it authorizes a spouse to bring a derivative action. *See, e.g., Moss v. Stinnes Corp.*, 169 F.3d 784, 785 (2d Cir.1999) (per curiam) (dismissing loss of consortium claim

because "neither the ADEA nor the HRL [New York Human Rights Law] affords a direct cause of action to a non-employee due to discrimination against his spouse"); *Mohamed v. Marriott Int'l, Inc.*, 905 F.Supp. 141, 159 (S.D.N.Y.1995) (dismissing loss of consortium claim because the claim cannot be derived from a spouse's suit brought under the HRL, the ADA, and the New York City Human Rights Ordinance); *Murphy*, 946 F.Supp. at 1124 (dismissing loss of consortium claim because the claim cannot be derived from the HRL or Title VII).

 Henry Goldman's cause of action arises from N.Y. Labor Law § 740 (the so-called "whistleblower" law) which authorizes a private right of action by an *"employee* who has been the subject of a retaliatory personnel action in violation of this section." *Id.* § 740(4)(a) (emphasis added). Neither the Goldmans nor MCL cite precedent addressing the viability of a loss of consortium claim predicated on this statute, nor has the Court's independent research uncovered any. But while the issue may be one of first impression, it is easily resolved by reference to analogous cases. Like Title VII, the ADEA, the ADA, and the New York State and City Human Rights Laws, the whistleblower statute provides a limited right of action, to a particular class of persons, and nowhere invites spouses of such persons to append derivative claims. All these statutes, like § 740, create personal rights against discrimination and/or retaliation in the workplace, and all have been held not to authorize actions for loss of consortium by the spouses of employees.

The New York State HRL, for example, provides a private right of action for "aggrieved persons," defined as "any person claiming to be aggrieved by an unlawful discrimination practice." N.Y. Exec. Law § 297. Courts have been unanimous in holding that because "the spouse of an employee alleging discrimination is not a 'person aggrieved' under the state HRL

**428**

... a spouse cannot state a cause of action for loss of consortium under the statute." *Murphy*, 946 F.Supp. at 1124 (citing New York appellate cases). The same principle controls for N.Y. Labor Law § 740, which defines "employee" as "an individual who performs services for and under the control and direction of an employer for wages or other remuneration." *Id.* § 740(1)(a). There is no reason to believe that the New York courts would interpret this statute differently from the HRL. (Indeed, to the extent the language of the statutes differ, the argument against a derived consortium claim is even stronger in the case of § 740 than in the case of the HRL. It is at least conceivable to imagine someone deprived of the consortium of a spouse victimized by discrimination as a "person aggrieved" by the discrimination, but it is not possible· to see someone in that position as an "employee" authorized to sue by § 740.)

Diane Goldman does not allege that she was an employee who was the subject of any retaliatory personnel action within the meaning of § 740. Accordingly, she has no cause of action under that statute, and her claim for loss of consortium must be dismissed.

## CONCLUSION

The Second Cause of Action of the Amended Complaint is dismissed.

SO ORDERED.